IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV522-03-MU
(3:99CR194)

BOBBY LEE BROADDUS,     )
                        )
       Petitioner,      )
                        )
       v.               )     **O R D E R**
                        )
UNITED STATES OF AMERICA, )
                        )
       Respondent.      )
                        )

**THIS MATTER** comes before the Court for an initial review of Petitioner's "Writ of Habeas Corpus, 28 U.S.C. § 1651 under Fed. R. Civ. P. Rule 60(A)(b) One (1) through Six (6)" filed October 23, 2008 (Document No. 1.) Petitioner specifically states that" he is not filing a 28 U.S.C. § 2255 motion." (Motion at 22.) Instead, Petitioner is very clear that he is filing the instant motion pursuant to the all writs act pursuant to 28 U.S.C. § 1651. Therefore, this Court will consider Petitioner's Motion under 28 U.S.C. § 1651.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A review of the record reveals that on December 6, 1999, Petitioner was indicted on five separate counts of (1) bank robbery, (2) bank larceny, (3) assault or placing in jeopardy the life of any person while committing a bank robbery, (4) possession of a firearm by a felon, and (5) possession of a handgun during a crime of violence. On September 14, 2000, Petitioner signed a written plea agreement in which he agreed to plead guilty to counts three, four and five and the Government agreed to dismiss counts one and two. On August 9, 2001, the undersigned sentenced

1

Petitioner to 180 months on count three, 120 months on count four to be run consecutively with count three and a seven year consecutive sentence for count five. Petitioner filed a direct appeal in the Fourth Circuit Court of Appeal. On August 23, 2002, the Fourth Circuit issued an unpublished decision affirming this Court's acceptance of Petitioner's guilty plea.

The Petitioner filed the instant Motion on October 23, 2008, more than six years after the Fourth Circuit affirmed Petitioner's judgment. As far as this Court can determine, Petitioner has not filed any motions attacking the validity of his conviction on collateral review other than the instant motion.

Upon careful consideration of the foregoing documents and the controlling legal precedent, the Court concludes that the Petitioner's motion should be denied pursuant to 28 U.S.C. § 1651.

## II. ANALYSIS

A writ of error coram nobis may be used "to vacate a conviction after the sentence has been served," but "only under circumstances compelling such action to achieve justice" and "where no other remedy [is] available." United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988). The United States Supreme Court has explained that the "All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996). The Court went on to note that in light of the "enactment of the Federal Rules of Criminal Procedure, it is difficult to conceive of a situation where [a writ of error coram nobis] would be necessary or appropriate." Id. (quoting United States v. Smith, 331 U.S. 469, 475 n.4 (1947) (brackets in original).

Here, because Petitioner is in custody, a writ of error coram nobis is not the proper vehicle

2

for him to use to challenge his incarceration.  See United States v. Smith, 77 Fed. App'x 180 (4th Cir. 2003) (dismissing petition for writ of error coram nobis after determining that petitioner was in custody).  Therefore, to the extent that Petitioner is seeking relief under 28 U.S.C. § 1651, this Court must deny relief due to the fact that Petitioner remains in federal custody pursuant to the sentence he is attacking and a writ of coram nobis is available only when the petitioner is not in custody.  Id.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's "Writ of habeas corpus, 28 U.S.C. § 1651 under fed. R. Civ. P. Rule 60(A)(b) One (1) through Six (6)" is denied.

**SO ORDERED**.

Signed: December 1, 2008

Graham C. Mullen
United States District Judge